UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WESTFIELD, LLC, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV155 JCH |
| ) | |
| IPC, INC., et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants IPC, Inc.'s and Cretex Companies, Inc.'s Motion to Dismiss Counts III and IV ("Negligence") of Plaintiff West County Shoppingtown LLC's Intervening Complaint ("Motion to Dismiss"), filed on January 24, 2012. (ECF No. 114). This matter is fully briefed and ready for disposition.

## BACKGROUND

On June 24, 2000, Plaintiff Westfield, LLC ("Westfield") subcontracted with Raider Precast Concrete, Inc. ("Raider") to design and build three parking garage structures as part of the construction of the West County Center Mall ("the Mall") in Des Peres, Missouri. (Intervening Complaint, ECF No. 88-1, ¶ 17). Plaintiff Westfield was the property manager and contractor for construction of the Mall and parking garage structures. (Id., ¶ 3). Plaintiff West County Center, LLC ("West County") owned the Mall at the time of construction, and Plaintiff Westfield America Limited Partnership ("WALP") owned both Westfield and West County. (Id., ¶¶ 4, 5).

Defendant Consulting Engineers Group, Inc. ("CEG") entered into a sub-subcontract with Raider to provide design drawings for the parking garage structures. (Id., ¶ 7). Based on CEG's designs, the parking garage structures were completed in 2002. (Id., ¶¶ 7, 21). In May 2007,

Plaintiffs discovered defects in the parking garage structures that resulted in damage to the structures. (Id., ¶ 46). The defects in the parking garage structures also caused tenants of the Mall to experience damage from water intrusion. (Id., ¶ 58).

On December 17, 2010, Plaintiffs Westfield and West County filed suit against Defendants IPC, Inc. ("IPC") and CEG in the Circuit Court of St. Louis County, State of Missouri. Defendant IPC is a successor-in-interest to Raider. (Id., ¶ 11). On January 21, 2011, CEG removed the case to this Court.

In March 2011, IPC and CEG filed Motions to Dismiss Plaintiffs' claims on various grounds. On September 8, 2011, the Court granted IPC's Motion to Dismiss as to Plaintiffs' negligence claims on the grounds that they were barred by the economic loss doctrine and dismissed CEG's Motion to Dismiss in its entirety. (See Memorandum and Order dated September 8, 2011, ECF No. 56). Plaintiff WALP and Defendant the Cretex Companies, Inc. ("Cretex") were added as parties on October 11, 2011. Defendant Cretex is also a successor-in-interest to Raider. (Id., ¶ 8).

Plaintiff-Intervenor West County Shoppingtown, LLC ("Shoppingtown" or "Plaintiff-Intervenor"), the current owner of the Mall, was granted leave to intervene on January 3, 2012. On January 24, 2012, IPC and Cretex filed the present Motion to Dismiss the negligence claims in Shoppingtown's Intervening Complaint on the grounds that, due to the law-of-the-case doctrine, Shoppingtown's negligence claims are barred by the economic loss doctrine.

## **STANDARD**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to the Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In addition, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)

(citation omitted). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965 (citation omitted).

**DISCUSSION**

### A.   Law-of-the-case doctrine

The law-of-the-case doctrine provides that when a court decides on a rule of law, that decision governs the same issues in subsequent stages of the same case. Maxfield v. Cintas Corp., 487 F.3d 1132, 1135 (8th Cir. 2007). The law-of-the-case-doctrine serves as a means to prevent relitigation of a settled issue, which in turn promotes judicial economy, ensures uniformity of decisions, and protects the expectations of the parties. Id. A previously decided issue will be considered if substantially different evidence is subsequently introduced or if the decision was clearly erroneous and works manifest injustice. Id.

Here, the law-of-the-case doctrine does not mandate the dismissal of Plaintiff-Intervenor's negligence claims against IPC and Cretex. As noted in IPC's Memorandum in Support of its previous Motion to Dismiss, Plaintiffs' original Complaint sought "solely economic damages due to alleged defects in the Parking Structures." (ECF No. 30, p. 10). In addition to these damages, Plaintiff-Intervenor's Complaint alleges the Mall's tenants "experienced water damage from the parking decks due to the extensive design failure and construction defects."[1] (Intervening Complaint, ¶ 58).

---

[1]The Court declines to address the argument that Plaintiff-Intervenor has failed to show standing to assert a claim for damages allegedly sustained by the Mall's tenants, as IPC and Cretex raised this issue for the first time in their Reply Memorandum (ECF No. 122, pp. 2-3).

Although IPC and Cretex argue Plaintiff-Intervenor's negligence claims are "near[] mirror images of the same allegations asserted against IPC in Plaintiffs' original Petition," the text of Plaintiff-Intervenor's Complaint does not support this assertion. Since Plaintiff-Intervenor's Complaint alleges damage to Mall property as a result of water intrusion in addition to damage to the parking garage structures themselves, Plaintiff-Intervenor's negligence claims are fundamentally different from the negligence claims asserted in Plaintiffs' original Petition. Thus, the application of the economic loss doctrine to Plaintiff-Intervenor's negligence claims is not a settled issue, and the law-of-the-case doctrine is inapplicable. The Court will nonetheless evaluate the economic loss doctrine independently as grounds for the dismissal of Plaintiff-Intervenor's negligence claims.

### B. Economic loss doctrine

In Missouri, the economic loss doctrine prohibits a plaintiff from recovering in tort where the losses are purely economic. Rockport Pharmacy, Inc. v. Digital Simplistics, Inc., 53 F.3d 195, 198 (8th Cir. 1995). Economic loss includes the cost of repair and replacement of defective property which is the subject of the transaction as well as commercial loss for inadequate value and consequent loss of profits or use. Autry Morlan Chevrolet Cadillac, Inc. v. RJF Agencies, Inc., 322 S.W. 3d 184, 192 (Mo. Ct. App. 2010). Recovery in tort for pure economic damages is limited to cases where there is personal injury, damage to property other than that sold, or destruction of the property sold due to some violent occurrence. R.W. Murray Co. v. Shatterproof Glass Corp., 697 F.2d 818, 828-29 (8th Cir. 1983).

Here, the economic loss doctrine does not bar Plaintiff-Intervenor's negligence claims. As noted previously, Plaintiff-Intervenor alleges damage to Mall property as a result of water intrusion

---

See Universal Sewing Supply, Inc. v. Artek Sewing Supplies, Inc., No. 4:05CV974, 2005 WL 2211146, at *2 n.3 (E.D. Mo. Sept. 8, 2005) ("Defendant improperly raises this argument for the first time in its Reply Memorandum, however, and thus the Court will not address it here.").

in addition to damage to the parking garage structures themselves. Since Plaintiff-Intervenor alleges damage to property other than that sold (i.e., damage to property other than the parking garage structures), the economic loss doctrine does not apply. See id. Therefore, the economic loss doctrine does not bar Plaintiff-Intervenor's negligence claims, and IPC and Cretex's Motion to Dismiss is denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants IPC, Inc.'s and Cretex Companies, Inc.'s Motion to Dismiss Counts III and IV ("Negligence") of Plaintiff West County Shoppingtown LLC's Intervening Complaint (ECF No. 114) is **DENIED**.

Dated this   11th   day of April, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE